UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC TYMELL MILES-BAKER, | |
| Plaintiff, | |
| -against- | 22-CV-9252 (LTS) |
| U.S. DEPARTMENT OF AGRICULTURE – FOREIGN AGRICULTURE SERVICE, | ORDER OF DISMISSAL |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action to compel the United States

Department of Agriculture, Foreign Agricultural Service ("FAS") to issue him a diplomatic

passport.[1] By order dated December 1, 2022, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this

order, the Court dismisses the action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern
District of New York. By order dated October 20, 2022, that court transferred this action to this
court. *Miles-Baker v. U. S. Dep't of Agric., Foreign Agric. Serv.*, No. 22-CV-5077 (E.D.N.Y. Oct.
20, 2022).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following information is taken from the complaint. Plaintiff, who resides in New York, New York, submitted his "credentials" to the FSA to obtain a diplomatic passport with his "family armory." (ECF 1, at 5.)[2] He requested that the diplomatic passport be issued with the

---

[2] The Court quotes from the complaint verbatim. Unless otherwise indicated, all grammar, spelling, punctuation, and emphasis are as in the original.

same number as his original standard passport. Plaintiff has not received any response from the FSA to his requests nor a diplomatic passport. Plaintiff brings this action seeking a diplomatic passport "with [his] corresponding armory"; "[a]n apology for the longer than normal wait time for its issuance"; the return of his original standard passport and passport card; and that his original passport number be restored. (*Id*. at 6.)

Plaintiff attaches several documents to the complaint, including the following: (1) an August 10, 2022, letter addressed to the Charleston Passport Center stating that Plaintiff was responding to a recent communication and "attest[ing] that the photo printed on [his] passport is the correct photo and was accompanied with a 'daily religious attire form'"(*id*. at 7); (2) a copy of his amended application to the FSA for a diplomatic passport, in which he requests that the agency includes his "family armory," accompanied with a copy of the alleged family armory (*id*. at 8-9); (3) a copy of a document in which he purports to have changed his name from "Eric Tymell Baker" to "Eric Tymell Miles-Baker" (*id*. at 12); (4) an October 2, 2021, letter to the National Passport Processing Center, indicating that Plaintiff was submitting a passport renewal application because his previous passport had been confiscated on his return from a trip to Spain, after he had reported it was stolen (*id*. at 13).

## DISCUSSION

The Court construes this action as a request for mandamus relief under 28 U.S.C. § 1361, and denies Plaintiff such relief. The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id*. A writ of mandamus is, however, a drastic remedy that should be used only in extraordinary circumstances. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004).

To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to the issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (*per curiam*) (internal quotation marks and citation omitted); *see also Cheney*, 542 U.S. at 381 ("[T]he petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable.") (internal quotation marks and citation omitted). Accordingly, "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a *nondiscretionary* duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)) (emphasis in original).

Plaintiff's complaint does not suggest that he is entitled to the performance of any nondiscretionary duty owed to him by the FSA. The FSA is responsible for granting diplomatic passports to employees of the United States Department of Agriculture ("USDA") who are traveling abroad for the USDA.[3] Plaintiff alleges no facts suggesting that he is a USDA employee who qualifies for a diplomatic passport because he will be traveling officially for the USDA.[4] He therefore fails to allege a claim for which he is entitled to mandamus relief. Because Plaintiff does not show that he has a clear and indisputable right to the relief he seeks, the Court must deny his request to compel the FSA to issue him a diplomatic passport.

---

[3] According to public information on the FAS website, official or diplomatic passports are issued by FAS to USDA employees who are traveling officially for the USDA. *See* https://www.fas.usda.gov/international-travel/obtain-or-renew-passport (last visited Apr. 14, 2023).

[4] Plaintiff has previously filed three actions in which he made references to his lost or stolen passport or requested that the Court issue him a passport. *See Miles-Baker v. NatWest Group PLC*, No. 22-CV-9250 (LTS) (S.D.N.Y. Dec. 9, 2022) (requesting that the Court issue him a passport); *Miles-Baker v. Banque de France*, No. 22-CV-9249 (LTS) (S.D.N.Y. Apr. 14, 2023) (same); *Baker v. Obama*, No. 22-CV-3125 (LTS) (S.D.N.Y. July 11, 2022) (indicating that his passport was lost or stolen). Plaintiff does not allege any facts in those actions suggesting that he is an employee of the USDA or that he has any connection with the USDA.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.[5]

## CONCLUSION

The Court denies Plaintiff mandamus relief under 28 U.S.C. § 1361, and dismisses this action. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    May 30, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

---

[5] The Court notes that after previously warning Plaintiff that further meritless litigation in this Court may result in an order barring him from filing new actions IFP in this court without prior leave of court, on December 5, 2022, the Court directed Plaintiff, within 30 days, to show cause by declaration, why he should not be barred from filing any future civil action in this court IFP without first obtaining leave to file. *Baker v. Pestana Park Avenue*, ECF 1:22-CV-9253, 7 (S.D.N.Y. Dec. 5, 2022). Plaintiff did not file a declaration, and on February 15, 2023, the Court barred Plaintiff from filing any future civil action in this court IFP without first obtaining leave to file. *Id.*, ECF 8. This action was filed before the bar order was issued.